# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**LEWIS FRANCIS MOFFETT**                                                **PETITIONER**

**v.**                                             **CIVIL ACTION NO. 4:14-CV-P55-M**

**DAVID OSBORNE**                                                    **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Lewis Francis Moffett, a pretrial detainee, filed this *pro se* action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). He alleges that he was arrested for "contempt of court," which he says he has already "done time on" and he complains of the judge's bias in holding him in prison. He states in the portion of the form asking whether he has exhausted all available judicial remedies relating to his claim that he has not, saying that he cannot get his lawyer to "stand up" for him.

The Court issued a show-cause Order as to whether Petitioner has exhausted available state court remedies and whether special circumstances exist to warrant federal intervention. Petitioner has filed two responses (DNs 5 and 6). It is clear from those responses that Petitioner has not exhausted his state-court remedies. Moreover, neither response demonstrates any special circumstances warranting federal intervention.

Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*,

702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *1-2 (E.D. Mich. July 20, 2009).

Absent special circumstances, none of which are present here, habeas review of dispositive claims is not available prior to the criminal trial. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973) (quoting *Ex parte Royall*, 117 U.S. 214, 253 (1886)) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); *Atkins*, 644 F.2d at 547 ("'[A]n attempt to dismiss an indictment or otherwise prevent a prosecution' protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus."). It is clear that Petitioner's request for intervention by this Court is an attempt "to disrupt the orderly functioning of state judicial processes." *Braden*, 410 U.S. at 491. To rule on the merits of his petition would at this time undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The instant petition is premature and must be dismissed.

## **CERTIFICATE OF APPEALABILITY**

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the

merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: July 29, 2014

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Petitioner, *pro se*
4414.009